Steven Mendelsohn, Bar # 099952
LEGAL HELPERS, P.C.
428 J Street, Suite 410
Sacramento, CA 95814
Telephone:  866-339-1156
Email:  sme@legalhelpers.com

Attorney for Plaintiff Stephanie Thurtle

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephanie Thurtle<br>7795 Antelope Rd., Apt. 119<br>Citrus Heights, CA 95610 | CASE NO.: |
|       Plaintiff, | JUDGE: |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF** |
| Pentagroup Financial, LLC<br>c/o Ransom Lummis, Registered Agent<br>5959 Corporate Drive, Suite 1400<br>Houston, TX 77036 | **JURY DEMAND ENDORSED HEREIN** |
|       Defendant. | |

## JURISDICTION AND VENUE

1.  Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices

    Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial

    district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2.  The Plaintiff is a person who incurred a consumer debt primarily for personal, family or

    household purposes.

3.  Defendant is a corporation doing business primarily as a consumer debt collector.

4.  Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around October 22, 2007, Defendant telephoned Plaintiff in an effort to collect the debt.

10. During this communication, Defendant belittled Plaintiff by yelling, "Quit being a stupid girl and just pay [your] bills!"

11. During this communication, Defendant threatened to file a lawsuit against Plaintiff in Placer County.

12. On or around November 6, 2007, Plaintiff informed Defendant that Plaintiff did not wish to receive Defendant's phone calls at work and requested that Defendant refrain from calling her at work in the future.

13. Despite this notice, Defendant telephoned Plaintiff at Plaintiff's place of employment on several other occasions in or around November and December 2007.

14. During several of these communications, Plaintiff reiterated the above notice, but Defendant continued to call.

15. During several of the above communications, Plaintiff requested that Defendant send Plaintiff written verification of the debt, and Defendant refused to do so each time.

16. On or around December 4, 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment.

17. During this communication, Defendant spoke to Plaintiff's coworker ("Coworker") and rudely demanded to speak with Plaintiff.

18. During this communication, when Coworker refused to let Defendant speak to Plaintiff, Defendant rudely asked for Plaintiff's employment information.

19. During this communication, Coworker reiterated that Defendant was not to call Plaintiff's place of employment and Defendant abruptly hung up on Coworker.

20. On or around December 27, 2007, Defendant telephoned Plaintiff at Plaintiff's place of employment yet again.

21. During this communication, Plaintiff reminded Defendant that Plaintiff had told Defendant several times to refrain from calling her at work and Defendant responded by screaming that Defendant needed to know the dates, times, and individuals involved in each of those communications or Defendant would continue to call.

22. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive Defendant's phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692g by refusing to validate the alleged debt.

## COUNT SIX

### Invasion of Privacy by Intrusion upon Seclusion

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

36. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

37. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

38. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

39. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

41. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c.  For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Steven Mendelsohn
    Steven Mendelsohn
    Bar # 099952
    Attorney for Plaintiff
    428 J Street, Suite 410
    Sacramento, CA 95814
    Telephone:  866-339-1156
    Email:  sme@legalhelpers.com